IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

DANIEL CORREA-OSORIO
2608 S 7TH ST
MILWAUKEE, WI 53215,

    Plaintiff,                                      Case No. 21CV235

v.

ELITE FINISHING, LLC
C/O JAIME J. MALISZEWSKI
3270 S 3RD STREET
PO BOX 210500
MILWAUKEE, WI 53221

    Defendant.

## COMPLAINT

NOW COMES the plaintiff, Daniel Correa-Osorio, by his attorneys, Arellano & Phebus, S.C., by Attorney Victor M. Arellano and Attorney Douglas J. Phebus and as for his complaint alleges and shows the Court as follows:

### I.
### NATURE OF THE CLAIM

1. The plaintiff is an Afro-Puerto Rican, United States citizen who seeks redress from this Court pursuant to 42 USC § 2000, et. seq., the Civil Rights Act of 1964 (as amended in 1991)(Title VII) and 42 USC § 1981 on the basis of his race (African), ethnicity (Puerto Rican), and on the basis of retaliation for engaging in protected conduct in the workplace under both federal statutes referenced herein.

2. The plaintiff seeks reinstatement with all benefits including but not limited to back pay, emotional distress, punitive damages, costs, and attorney's fees. The plaintiff also seeks compensation for the pain and humiliation he has endured at the hands of the defendant's employees. The plaintiff also seeks any and all other remedies this Court may deem fair and just.

### II.
### JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 28 USC § 1331. Venue is proper pursuant to 28 USC §§ 1343, 1331, and under the 14th Amendment of the U.S. Constitution,

and because all of the acts alleged herein occurred in the Eastern District of Wisconsin.

All Administrative remedies have been exhausted pursuant to 42 USC § 2000, et. seq. A Right to Sue Letter was issued by the Federal Equal Opportunity Commission (see attached Exhibit 1).

## III.
## PARTIES

4. The plaintiff, Daniel Correa-Osorio, is an adult, United States citizen with an address at 1308 W. Bolivar Ave, Milwaukee, WI 53221.

5. The defendant, Elite Finishing, LLC, is a Domestic Limited Liability Company located at 3270 S 3rd St, PO Box 210500, Milwaukee, WI 53221.

6. Upon information and belief, the defendant's registered agent is Jaime J. Maliszewski, 3270 S 3rd St, PO Box 210500, Milwaukee, WI 53221.

## IV.
## FACTUAL ALLEGATIONS

7. The defendant, Elite Finishing, LLC (hereinafter "Elite") employs approximately 100 employees and is involved in the chrome plating and metal finishing industry. The president and CEO of Elite is Jaimie J. Maliszewski and, as such, is actively involved in the managing and supervising of company employees.

   At all times material hereto, Elite employed a human resources manager, namely Atiya Hasan.

8. Upon information and belief, Elite has a non-discriminatory as well as an anti-retaliatory policy in place.

   The human resources manager, Atiya Hasan, in conjunction with the president and CEO, Jaimie J. Maliszewski, is responsible for implementing and overseeing Elite's policies and practices within the workplace.

9. Upon information and belief, Elite has a history of hiring, among others, individuals of Mexican (non-African) ancestry, including the plant manager, Jose Lopez, as well as other subordinates of Mr. Lopez.

10. The plaintiff began his employment with Elite on or about March 3, 2014. His last place of employment with Elite was working in the Waste Water Treatment Department. Upon information and belief, this department was the sole location

where the company purified the fluids that were used to clean the company's product. The job in the Waste Water Treatment Department required two employees each day, one employee who worked the day shift and one employee who worked the night shift.

The fumes and the chemicals that run through the Waste Water Treatment Department require that employees take a break in order to get fresh air. From time to time, the plaintiff would step outside to get fresh air, much like all other similarly situated employees who were not of African Descent or Puerto-Rico ethnicity.

11. Upon information and belief, the plant manager, Jose Lopez, was of Mexican, non-African ancestry. The second shift employee was of Mexican, non-African ancestry as well as many other Mexican employees who were under the direct supervision of the plant manager, Jose Lopez. All of the Mexican/non-African employees were allowed to leave the premises and/or walk out of the building to get fresh air.

12. Upon information and belief Jose Lopez, with the tacit approval of the human resources manager, Atiya Hasan, would regularly authorize Mexican non-African workers to leave early, and to step outside the plant for a break. These employees were never disciplined; however, whenever the plaintiff attempted to exercise similar conduct, the plaintiff would be disciplined and/or threatened with discipline.

13. On or about March 22, 2019, after having complained with the plant manager, Jose Lopez, about being treated differently because of his ethnicity (Puerto Rican) and race-African, when compared to how the plant manager treated the other Mexican/non-African workers, the plaintiff was called into a meeting where he was threatened to be removed based on false allegations of a Mexican/non-African employee. The plaintiff was eventually fired because of his protected activity in which he complained that he was being discriminated against based on his race and ethnicity. But for his that protected activity, plaintiff would not have been terminated from his position which occurred on March 25, 2019. But for his race and ethnicity the plaintiff would not have been terminated from his employment.

14. The plaintiff exhausted his administrative remedies by filing an administrative discrimination complaint with the State of Wisconsin, Department of Workforce Development on April 8, 2019 as required by 42 USC §§ 2000, et. seq. (Title VII). A copy the complaint is attached to the instant complaint accordingly. (See attached Exhibit 2).

15. The plaintiff alleges that he was the subject of continuous discrimination with respect to the terms and conditions of his employment and that he was treated differently than how the plant manager and the human resources manager treated

3

employees of non-African background, all of which violate 42 USC § 2000, et. seq., the Civil Rights Act of 1964 (as amended in 1991) (Title VII) and 42 USC § 1981.

16. The plaintiff also raises claims of discrimination on the basis of his Puerto Rican ethnicity with respect to terms and conditions of employment as described in the foregoing allegations in violation of 42 USC § 2000, et. seq., the Civil Rights Act of 1964 (as amended in 1991) (Title VII) and 42 USC § 1981.

WHEREFORE, the plaintiff demands the following:

a. Reinstatement with a made whole remedy including back pay;

b. Compensatory damages for the emotional injury, distress, and mental suffering;

c. Punitive Damages;

d. An injunction against the defendant ordering that the defendant cease and desist the discriminatory practices towards the plaintiff;

e. Reasonable attorney's fees and costs incurred in both the Administrative action before the State Equal Rights Division as well as the instant Federal Court; and

f. Any other relief the court may deem just and proper.

**A DEMAND FOR A JURY OF 12 IS HEREBY MADE.**

Dated this 22nd day of February, 2021.

ARELLANO & PHEBUS, S.C.
Attorneys for Plaintiff

*s/ Victor M. Arellano*
Victor M. Arellano
State Bar No.1011684
varellano@aplawoffice.com
Douglas J. Phebus
State Bar No. 1029524
dphebus@aplawoffice.com
1468 N. High Point Road, Suite 102
Middleton, WI 53562
Telephone: (608) 827-7680