**Department of Workforce Development**
**Equal Rights Division**
Bureau of Hearings & Mediation
819 N. 6th Street, Rm. 723
Milwaukee, WI 53203
Telephone: (414) 227-4385
Fax: (414) 227-4981



**STATE OF WISCONSIN**
**DWD**
Department of Workforce Development

Tony Evers, Governor
Robert Cherry, Deputy Secretary

November 2, 2020

Victor M. Arrellano
Douglas J. Phebus
Arellano & Phebus, S. C.
1468 N. High Point Road, Ste. 102
Middleton, WI 53562

Alan E. Seneczko
Wessels Sherman
1860 Executive Dr., Ste. E-1
Oconomowoc, WI 53066

RE: **Daniel Correa-Osorio v. Elite Finishing, LLC**
ERD Case #201900953
EEOC Case #26G201900756C

Dear Parties:

According to the Division's file, the EEOC sent the Complainant a Right to Sue Letter so the Complainant can pursue his federal complaint in court. The Complainant has not withdrawn his state ERD complaint in this matter. If the Complainant is planning to withdraw his state ERD complaint, I would appreciate it if the Complainant filed a withdrawal document as soon as possible. If the Complainant is planning to proceed with the hearing before the Division, I would appreciate knowing that fact as well. Since the Complainant has requested a Spanish language interpreter for the hearing, I need to know as soon as possible if the Division needs to arrange for a Spanish language interpreter who can interpret for the Complainant during a Webex hearing. If I do not hear from Mr. Arrellano by **November 9, 2020**, the Division will be forced to use its scarce resources to locate and retain an interpreter for the hearing in this matter even if the Complainant ultimately withdraws his ERD complaint to pursue his federal complaint in court.

If the Complainant proceeds with the hearing in this matter, the hearing will be held by Webex, a videoconferencing software.

While I do not normally e-mail with parties, because of the Webex process, I will be sending e-mails inviting participants to both a pre-hearing and the hearings. The participants should not delete the e-mail invitation that I send to the participants. You will use the e-mail invitation to attend the pre-hearing and hearing, if invited. E-mail will also be used by the parties to submit the parties' witness lists and the parties' proposed exhibit list. Do **not** treat this exception to my no e-mail policy as an invitation to send me e-mails generally. Unless I specifically authorize you do so, you are not to send me e-mails.

To accomplish holding a Webex hearing, I will hold a pre-hearing **at 9:30 a.m., on November 24, 2020**. I am scheduling the pre-hearing for 2 hours. Hopefully, it will not take that long, but I want to ensure that we will have enough time to discuss any necessary issues.

Unless notified otherwise, I will e-mail Ms. Radtke at the following: VARELLANO@APLAWOFFICE.COM

Unless notified otherwise, I will e-mail Ms. Schisler at the following:
ALSENECZKO@WESSELSSHERMAN.COM



EXHIBIT E

To accomplish holding a Webex hearing, I will hold a pre-hearing **at 9:30 a.m., on November 24, 2020**. I am scheduling the pre-hearing for 2 hours. Hopefully, it will not take that long, but I want to ensure that we will have enough time to discuss any necessary issues.

Besides testing the Webex system to see if anyone has problems connecting, we will discuss the order each party anticipates the parties' witnesses will testify and the approximate time you believe the witnesses will testify. (Parties are responsible for being able to contact and coordinate with their witnesses to make them available to testify.) During the pre-hearing, each party's proposed hearing exhibits will be reviewed to make sure everyone has the same proposed marked exhibits submitted by each party, confirm e-mail addresses for your witnesses and any other participants, and address any other issues that the parties may need to address for the hearing. We will also discuss settlement. Please have a person available either at the pre-hearing or available by telephone or email to discuss the issue of settlement.

Please provide me with your clients' e-mail addresses if your clients will be attending the pre-hearing conference to discuss a settlement of this matter. If the parties will have anyone else attending the Webex pre-hearing on November 24, 2020, then the name and e-mail of the person should be sent to me prior to the November 24, 2020 Webex pre-hearing.

Proposed hearing exhibits and lists of witnesses must be submitted by **e-mail to me by 4:30 p.m., on November 23, 2020**. The e-mailed witness list and proposed exhibits should be submitted as PDF documents. The witness list should contain an e-mail address for each witness and an e-mail address for other hearing participants to be used for the hearing. Even without a Webex hearing process, the Division's rules required witness lists and copies of exhibits to be filed with the Division and with each other at least 10 days before the hearing. My e-mail address to be strictly used for providing witness lists and copies of proposed exhibits is as follows: Alice.DeLaO@dwd.wisconsin.gov

If possible, please have the proposed PDF-exhibits scanned in a searchable format with bookmarks electronically installed to allow me, and the parties, to easily find the party's exhibits. A table of contents of the party's exhibits would be welcome with the number of pages in each exhibit. Each party should mark the party's exhibits numerically with a designation of either Complainant's Exhibit or Respondent's Exhibit. For example, Complainant's Exhibit 1, 2, 3 etc., and Respondent's Exhibit 1, 2, 3, etc. To make it easier to find documents during the hearing, please put a sheet of paper before each exhibit with the name and title description of the exhibit which follows each sheet of paper. For example, "Complainant's Exhibits 1, Complainant's Resume" would be the type of name and exhibit title that I would like to see on the separation page before each exhibit.

To participate in the Webex hearing, each participant must have a stable internet connection (hard line preferred, but WI-FI acceptable, if strong and secure). Each person in the hearing, particularly witnesses, are expected to appear at the hearing by live video, not just audio. Each participant must have a webcam, either connected to their computer or an external video device that can be connected to the computer. Each party must have a microphone and speaker to use with the computer, a headset or headphones with a microphone is preferred to avoid feedback. For best results, a full-size monitor should be used to view the Webex hearing proceedings. A second monitor is helpful, but it is not necessary. All hearing participants should mute their microphones when the participant is not speaking to eliminate background noise.

Please use the following link to test the ability of any person to participate in the Webex hearing. Click on the link and follow the prompts: https://www.webex.com/test-meeting.html

While testifying, witnesses are expected to be alone, in a quiet room and not looking at any documents, unless I have given permission for the witness to do so. The witness may not have any electronic devices on while the witness is testifying other than the equipment being used to participate in the Webex hearing. The witness is expected to only use the electronic equipment to participate in the Webex hearing while testifying and should not be looking at other applications or documents while testifying. Exhibits will be shown to the witnesses by screen sharing during the hearing. However, to the extent that I agree to allow the witnesses to testify from physical copies of the exhibits, the parties are responsible for providing each witness copies of the relevant exhibits. Any physical exhibits given to a witness for possible use during the hearing should be turned over during the testimony unless the witness is given permission to look at a document. The party who calls a

witness is responsible for retrieving any exhibits/documents sent to a witness that may contain any sensitive/confidential information.

Each party should arrange with each witness the party is calling for a way to contact the witness, during the hearing, about the time that the witness needs to log onto Webex and wait in the virtual lobby to be called as a witness. This will eliminate having witnesses having to wait long periods of time by the witness's computer to testify in this matter.

Please note that any person in the virtual lobby will not hear or see anything going on in the hearing nor will the person be able to see anyone else waiting in the lobby. The witness should be advised that the witness might have to wait a long time before a witness is admitted to the hearing. The party should arrange a way to contact their witnesses to notify the witnesses when each witness should log into the Webex hearing and lobby.

Any witness who is being proposed as a witness in this matter, by any party, should be treated as sequestered and no information about the testimony and evidence presented at the hearing should be shared in any manner with the witnesses. Additionally, the witnesses should be informed that they should not be discussing the witness's testimony with any other witness, and should not listen to another witness, or other person, discussing the testimony of another witness or other hearing evidence in this matter.

The Division will arrange for Spanish language interpreters for the hearing in this matter.

**Mr. Arellano should inform me by November 9, 2020** if the Complainant is withdrawing his complaint in this matter or if the Complainant is proceeding with his hearing before the Division.

The Complainant was Ordered to file any amendment to the Complainant by April 30, 2020. The Complainant did not file an amendment of the complaint by April 30, 2020. Therefore, no amendments of the complaint will be accepted.

The parties are urged to continue discussing a settlement in this matter to save the time, costs and uncertainty of a hearing.

All discovery in these matters had to be completed by **September 18, 2020**. Any motions, including discovery motions, had to be filed by **September 25, 2020**.

The parties always have the duty to timely supplement, update or correct prior discovery answers as required by the discovery statutes.

At this time, the hearing in this matter will proceed on **December 1, 2 and 3, 2020**.

If you have any questions, please contact me at the Equal Rights Division. Please note that I do **not** accept e-mails **unless I give specific authorization**.

Please contact me by letter sent by regular first-class mail or fax. All parties must send a copy of any correspondence sent to the Division to the other parties or, if applicable, each party's attorney. Each party should ensure that any correspondence sent to the Division shows that the party has sent a copy of any correspondence sent to the Division to each party or, if applicable, each party's attorney.

The Division has changed to an electronic storage system. All mail sent to Milwaukee or Madison will be scanned and then delivered electronically to the Division employee to whom it is addressed after it is scanned. The quickest way to get mail to the Administrative Law Judge will be to fax the letter to (414) 227-4084. Only use fax delivery for correspondence that needs to be received by the Administrative Law Judge immediately and involves a relatively small number of documents. The Division will keep you informed of any changes in the system.

Do **Not** send Original Documents to the Division since they will **not** be retained or returned by the Division after they are scanned.

Please *mail* any correspondence to me to the Division's office at 819 N. 6th St., Rm. 723, Milwaukee, WI 53203.

To speak to the Hearing Section support staff, please call (414) 227-4385 or (414) 227-4412.

**Due to the COVID 19 Pandemic, the Milwaukee State Office Building is closed to the public until further notice.** Please do not deliver documents in person during the pandemic.

Sincerely,

*Alice E. DeLaO*

Alice E. DeLaO
Administrative Law Judge