DANIEL CORREA-OSORIO,

    Plaintiff,

v.

ELITE FINISHING, LLC

    Defendant.

Case No. 21CV235



EXHIBIT B

## PLAINTIFF'S ANSWER TO DEFENDANT'S FIRST REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS

NOW COMES the plaintiff, Daniel Correa, by his counsel, Arellano & Phebus, S.C., by Attorney Victor M. Arellano and Attorney Douglas J. Phebus, and as for his Answer to Defendant's First Requests for Admissions, Interrogatories, and Requests for Production of Documents states as follows:

### REQUESTS FOR ADMISSIONS

**ADMISSION NO. 1:** Plaintiff, Daniel Correa-Osorio, was an employee of Elite Finishing, LLC from March 3, 2014 through March 25, 2019.

**ANSWER NO. 1** Admit.

**ADMISSION NO. 2:** At all times relevant to the allegations of the Amended Complaint, Plaintiff worked full-time as a waste treatment operator on the third shift.

**ANSWER NO. 2** Deny.

**ADMISSION NO. 3:** As a waste treatment operator on the third shift, Plaintiff's regularly scheduled hours of work were from 7:00 p.m. to 7:30 a.m. Monday through Wednesday, occasionally on Thursday or 5-6 hours on Friday.

**ANSWER NO. 3** To the extent that Admission No. 3 incorrectly states the scheduled hours of work, the plaintiff denies that aspect of the Admission but admits the remaining portion of the Admission.

**ADMISSION NO. 4:** When Plaintiff began working for Elite, he received a copy of Elite's Employee Handbook, available in both English and Spanish, which detailed, among other things, Elite's Time Keeping procedures and Shop Rules.

**ANSWER NO. 4** To the extent that the defendant's Admission No. 4 contains a copy of

Elite's employee handbook in the English language only, the plaintiff lacks sufficient knowledge and/or information to admit the proposed Admission as written and, therefore, denies.

**ADMISSION NO. 5:** Exhibit RA, DC – 001-43 is a true and accurate copy of Elite's Employee Handbook.

**ANSWER NO. 5** Admit.

**ADMISSION NO. 6:** Exhibit RA, DC-044 is a true and accurate copy of Plaintiff's Acknowledgement of Receipt of the Employee Handbook.

**ANSWER NO. 6** Admit.

**ADMISSION NO. 7:** Under Elite's timekeeping policy, Plaintiff was required to record the hours he worked on a daily basis by punching in on a time clock at the beginning of his shift and punching out on the time clock at the end of his shift.

**ANSWER NO. 7** The plaintiff admits that the policy stated in Admission No. 7 was in place at the time of his employment but denies that such policy was implemented consistently and, therefore, denies.

**ADMISSION NO. 8:** Under Elite's timekeeping policy, as detailed in the Employee Handbook, if Plaintiff had to leave the plant during work hours, he was required to first obtain permission from his supervisor, punch out when he left and punch in when he returned.

**ANSWER NO. 8** The plaintiff admits that the policy stated in Admission No. 8 was in place at the time of his employment but denies that such policy was implemented consistently and, therefore, denies.

**ADMISSION NO. 9:** On several occasions from January 1, 2019 through March 22, 2019, Plaintiff left the plant during his scheduled work hours without first obtaining permission from his supervisor.

**ANSWER NO. 9** Deny.

**ADMISSION NO. 10:** On several occasions from January 1, 2019 through March 22, 2019, Plaintiff left the plant during his scheduled work hours without punching out when he left or punching in when he returned.

**ANSWER NO. 10** Deny.

**ADMISSION NO. 11:** On March 22, 2019 Plaintiff met with Atiya Hasan, Elite's Human Resource Manager, and Jose Lopez, the Plant Manager, during which Hasan issued him an Employee Warning Notice, which they discussed and Plaintiff refused to sign.

**ANSWER NO. 11** Admit.

**ADMISSION NO. 12:** Exhibit RA, DC-045 is a true and accurate copy of the March 22, 2019 Employee Warning Notice that Plaintiff refused to sign.

**ANSWER NO. 12** Admit.

**ADMISSION NO. 13:** Plaintiff made an audio recording of the March 22, 2019 meeting with Hasan and Lopez while the meeting was occurring.

**ANSWER NO. 13** Admit.

**ADMISSION NO. 14:** Plaintiff did not inform Hasan or Lopez that he was making an audio recording of the meeting prior to or during the meeting.

**ANSWER NO. 14** Deny.

**ADMISSION NO. 15:** At all times during Plaintiff's employment, Elite had in place an OSHA-mandated hazard communication program.

**ANSWER NO. 15** The plaintiff lacks sufficient information to admit and/or deny and therefore, denies.

**ADMISSION NO. 16:** On February 20, 2014, before he began performing duties for Elite, Plaintiff received training on Right to Know & Chemical Safety, and Personal Protective Equipment.

**ANSWER NO. 16** Admit.

**ADMISSION NO. 17:** Exhibit RA, DC-046, 047 are true and accurate copies of the Plaintiff's certificates of completion of the Right to Know and Personal Protective Training referenced in Admission No. 16.

**ANSWER NO. 17** Admit.

**ADMISSION NO. 18:** During his employment, Plaintiff participated in training on Elite's hazard communication program, material safety data sheets, personal protective equipment, respiratory protection, and other safety-related topics.

**ANSWER NO. 18** Admit.

**ADMISSION NO. 19:** Exhibit RA, DC-048-49 is a true and accurate copy of the Plaintiff's Personal Training Log, reflecting all of the training the Plaintiff received during his employment with Elite.

**ANSWER NO. 19** Admit.

## INTERROGATORIES

**INTERROGATORY NO. 1:** If you denied any matter requested in Requests for Admissions

Nos. 1 – 19, above, explain the basis for your denial and identify any facts, documents or evidence in support of your denial.

**ANSWER NO. 1** The plaintiff objects to the form of the instant Interrogatory No. 1. Subject to said objection and without waiving same the plaintiff asserts that each and every admission is self-explanatory with respect to denials and any other answer given on each request to admit.

**INTERROGATORY NO. 2:** With respect to any occasion on which you stepped outside to get fresh air as a result of any "fumes" or chemicals in your work area, as alleged in ¶ 10 of your Amended Complaint, identify the specific fume or chemical that caused you to take a break; the reason it required you to take a break; whether you notified your supervisor of the need to take a break; the date or dates on which you took the break; and, the duration of the break.

**ANSWER NO. 2** The plaintiff objects as to the form and compound nature of Interrogatory No. 2. Subject to said objection and without waiving same, the plaintiff asserts the following. Acids, ammonia, chemical vapors, copper, chemical soap which generates vapors, and other chemicals used to process the residue of the fluids; suffocation, breathing problems, eye irritation, nose irritation; although other non-Afro Latinos had to request authorization, the plaintiff always notified, and management knew that this was the practice. This practice was open and notorious to management, and it was allowed with the tacit approval of management. The necessary breaks were done randomly, and the plaintiff has no possession of dates.

**INTERROGATORY NO. 3:** Identify any employees who were required to take breaks in order to get fresh air because of the "fumes" or chemicals in the plant, as alleged in ¶ 10 of your Amended Complaint. With respect to any such employees, identify the employee; the date or dates on which they took the break; whether they notified their supervisor of their need to take a break; and, how or why you know they were taking a break due to "fumes" or chemicals in the plant.

**ANSWER NO. 3** To the extent that the plaintiff does not have a list of all of the employees who regularly engage in similar conduct, he is unable to name them all. However, the plaintiff's counterparts, Victor Orozco and Alejandro Gonzalez, were two employees who would not only take breaks but would leave early at will.

**INTERROGATORY NO. 4:** State whether you ever complained about or reported any issues concerning the "fumes" or chemicals in the plant to any supervisor or manager of Elite. If so, state who you complained or reported it to; what you complained about or reported; and, the date or dates on which you complained about or reported it.

**ANSWER NO. 4** The plaintiff regularly reported the problems regarding the fumes and the conditions of the plant to the plant manager, Jose Lopez, and also to Carmelo Cervera. The complaints were raised frequently but the plaintiff does not have specific dates.

**INTERROGATORY NO. 5:** State whether you ever complained about or reported being treated differently because of your ethnicity, skin color and/or race to any supervisor or manager of Elite. If so, identify who you complained or reported it to; what you complained

about or reported; and, the date or dates on which you complained about or reported it.

**ANSWER NO. 5** The plaintiff complained to the plant manager, Jose Lopez, regularly about why he was treated differently than Victor Orozco and Alejandro Gonzalez. The plaintiff often stated, "Why are you treating me differently? Is it because of my color? My ethnicity (Afro-Latino)?"

**INTERROGATORY NO. 6:** Explain why you refused to sign the March 22, 2019 Employee Warning Notice (Exh. RA, DC-3).

**ANSWER NO. 6** The plaintiff asserts that during the meeting with Jose Lopez, he was confronted with false allegations with respect to his performance and that he left without permission. The plaintiff asserts that at the meeting with Jose Lopez and Atiya Hasan he was unfairly and unjustly accused about performance and "leaving the premises." The plaintiff confronted Atiya Hasan regarding the fact that two Mexican employees, Victor Orozco and Alejandro Gonzalez, would leave early at will, and that he was being singled out by Jose Lopez for not being Mexican. Ms. Hasan cut him off and said, "We are talking about you, not about them." At that point the plaintiff refused to sign the disciplinary notice.

**INTERROGATORY NO. 7:** Identify the "false allegations of a Mexican/non- African employee" referenced in ¶ 13 of your Amended Complaint. With respect to any such allegation, identify what was alleged, the employee who reported it, and why you believe it was false.

**ANSWER NO. 7** The plaintiff alleges that Jose Lopez, the plant manager, is from Mexico, that Victor Orozco is from Mexico, that Alejandro Gonzalez is from Mexico. The plaintiff alleges that Victor Orozco and Jose Lopez made false allegations against the plaintiff and that Jose Lopez favored these two employees from the country of Mexico by allowing them to leave before the end of the turn regularly. The plaintiff alleges that very often they would not come back to work while the plaintiff was under investigation for some perceived performance violation and stepping out of the plant.

**INTERROGATORY NO. 8:** Identify the "continuous discrimination with respect to the terms and conditions of your employment" to which you were subjected during your employment, as referenced in ¶ 14 of your Amended Complaint. With respect to any such incident of alleged discrimination, identify how you were discriminated against; the basis for your belief that you were discriminated against because of your race, color and/or ethnicity; whether you reported the alleged discrimination to any supervisor or management official of Elite; what you reported; and, the date or dates on which you reported it.

**ANSWER NO. 8** See answer to Interrogatory Nos. 6 and 7. All of the complaints alleged in the preceding paragraphs occurred while the plaintiff was employed under the supervision of Jose Lopez. All of the complaints regarding differential treatment on the basis of race with respect to "leaving the plant" or performance issues were shared with Carmelo Cervera and Jose Lopez during the disciplinary meeting.

In addition, the company tolerated a toxic and racially infested work environment where employees from Mexico, including Jose Lopez, would constantly make racist remarks against Afro-Puerto Ricans such as "pinches Puerto Riqueños no sirven para

nada." (These Puerto Ricans are worthless). In addition, they would constantly react every time the company hired an Afro-Puerto Rican by saying "Otro pinche negro que no sirve para nada." (Another black person who is worthless). The plaintiff had to tolerate a very toxic and racist work environment given that the majority of the employees in the plant were from the country of Mexico, including Jose Lopez.

**INTERROGATORY NO. 9:** Identify any healthcare provider with whom you have treated for any alleged emotional and psychological distress, emotional injury, and/or mental arising out any of the actions that form the basis of your Amended Complaint and/or that you claim to have suffered as a result of your employment and/or the termination of your employment with Elite.

**ANSWER NO. 9** The plaintiff did not recur to any professional but sought comfort and advice from his spouse and friends and other family members due to the tension, anxiety, emotional upset, ridicule to which he was subjected at the hand of the defendant. The plaintiff is compiling information that will address this interrogatory and will submit same in the future.

**INTERROGATORY NO. 10:** Identify any income, including any wages, unemployment compensation benefits, worker's compensation benefits, disability benefits or other compensation, that you have received from March 25, 2019 through to the present, including the source of any such income, the amount of the income and the periods during which you received it.

**ANSWER NO. 10** See attached income tax records.

**INTERROGATORY NO. 11:** Identify any employment or other source of income that you have had from March 25, 2019 through the present, including any self-employment or businesses in which you have or had an ownership interest. With respect to each and every such employment, identify:

   a. The name and address of the employer, business or source of income.

   b. Your dates of employment; and, if terminated, the reason for the termination.

   c. The position(s) you occupied, your duties and responsibilities.

   d. Your starting wage or salary; any subsequent wage/salary increases and the date thereof; and any other form of compensation or benefits that you received, including but not limited to, any health insurance, pension and/or vacation benefits, commissions or bonuses.

   e. Your scheduled hours of work, shift and total hours per week.

**ANSWER NO. 11** The plaintiff has not been able to obtain employment, and therefore, is self-employed at Top Barber Studio on 7720 W Becher St, Milwaukee, WI. He is the manager and the hair stylist. See attached income tax records.

**INTERROGATORY NO. 12:** Describe the efforts you made to secure employment with any other employer from March 25, 2019 through the present, identifying the name and address of any business to which you applied, the date of your application, and the disposition of your application.

**ANSWER NO. 12** See answer to Interrogatory No. 11.

**INTERROGATORY NO. 13:** Identify all witnesses presently known with knowledge of any fact alleged in the Amended Complaint and/or on whose testimony you intend to rely in support of your claim. For each such witness, describe, in detail, the facts the witness knows, along with the date, time and location of the occurrence or event that forms the basis of that individual's knowledge.

**ANSWER NO. 13** The plaintiff is compiling information to address this question and will submit the requested information in the future.

## REQUEST TO PRODUCE

**REQUEST NO. 1:** Any recording, audio or video, in digital format or otherwise, of any conversation or communication that you had or in which you participated with any employee, manager or agent of Elite Finishing at any time during your employment with the Respondent, specifically including any recording made during your meeting with Atiya Hasan and Jose Lopez on March 22, 2019.

**ANSWER NO. 1** See attached audio recording.

**REQUEST NO. 2:** Any medical records or reports from any healthcare provider identified in your response to Interrogatory No. 9.

**ANSWER NO. 2** N/A.

**REQUEST NO. 3:** Any journals, diaries, correspondence and/or other documents or electronically-stored information relating to your employment and/or the termination of your employment with Elite.

**ANSWER NO. 3** N/A.

**REQUEST NO. 4:** All documents reflecting any income, including unemployment compensation benefits, that you received from March 25, 2019 through the present, including any W-2s, 1099s, state and federal income tax returns and any schedules or attachments thereto, check stubs, or other payment records.

**ANSWER NO. 4** See attached.

**REQUEST NO. 5:** All documents related to your efforts to secure employment and/or your actual employment, from March 25, 2019 through the present, including any resumes, cover letters, job applications, correspondence, emails, communications, job offers, or other records, whether sent from or received by you.

AS-000008

**ANSWER NO. 5** See answer to Interrogatory No. 11.

**REQUEST NO. 6:** All documents related to any employment that you have had from March 25, 2019 through the present, including any job descriptions, work schedules, payroll records, check stubs, electronic deposits or wage information, or other records reflecting your employment, hours of work, responsibilities, work schedules and/or weekly earnings.

**ANSWER NO. 6** See answer to Interrogatory No. 11.

**REQUEST NO. 7:** Any documents or electronically-stored information on which you relied or to which you referred to prepare your responses to these Requests for Admissions, Interrogatories and Requests for the Production of Documents.

**ANSWER NO. 7** N/A.

**REQUEST NO. 8:** All documents and electronically-stored information relating to any communications between you and any other person concerning the Amended Complaint in the above matter or any of the matters alleged in the Amended Complaint.

**ANSWER NO. 8** N/A.

**REQUEST NO. 9:** Any documents or electronically-stored information which you believe support or on which you intend to rely to prove any of the claims or allegations raised in your Complaint.

**ANSWER NO. 9** The plaintiff objects to the instant Request No. 9 on the basis that it is vague and on the basis of its form. Subject to said objection and without waiving same, all documents that the plaintiff plans to rely upon include documents which are maintained in the regular course of business with the respondent, Elite Finishing, LLC, as well as any discovery materials, deposition transcripts, etc.

Dated this 18 day of 08_____, 2021.

_____
Daniel Correa

As to objections:

ARELLANO & PHEBUS, S.C.
Attorneys for Plaintiff

*Victor M. Arellano*
Attorney Victor M. Arellano
SBN: 1011684
varellano@aplawoffice.com
Attorney Douglas J. Phebus
SBN: 1029524
dphebus@aplawoffice.com
1468 N. High Point Road, Suite 102
Middleton, WI 53706
Telephone: (608) 827-7680
Facsimile: (608) 827-7681


Subscribed and sworn to before me
this 18 day of August___, 2021.


*Olivia Ruckstuhl*
Notary Public, State of Wisconsin
My Commission Expires: 2/3/24